NOT FOR PUBLICATION

IN THE **UNITED STATES DISTRICT COURT**
FOR **THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| JOHN D. RIETH, et al. <br><br> Plaintiffs, <br><br> v. <br><br> JULIAN VECCHIO, et al. <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br><br> No. 24-4671-KMW-EAP <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court by way of counsel for plaintiffs John D. Rieth and Rita Anne Rieth's ("Plaintiffs") Motion for Attorney Fees and Costs (ECF No. 36) pursuant to New Jersey Court Rule ▆▆▆▆ and New Jersey Rule of Professional Conduct ("RPC") 1.5; and the Court noting no opposition thereto; and

**WHEREAS**, the Court notes that Plaintiffs' initial Pennsylvania Contingent Fee Agreement ("PACFA") agreed to a contingent fee of one-third (1/3) of the gross recovery (Certification of Robert T. Lynch, Esq. ("Lynch Cert.") in Support of Plaintiffs' Motion for Attorney Fees at if 35, ECF No. 37; PACFA, ECF No. 43-1); and

**WHEREAS**, the Court finds that Plaintiffs' New Jersey Contingent Fee Agreement ("NJCFA") authorizes the instant application for a reasonable fee pursuant to ▆▆▆▆ (Lynch Cert. at if 37; NJCFA, ECF No. 43-1); and

**WHEREAS**, the Court notes that counsel seeks fees in accordance with the amounts set forth by ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (ECF Nos. 37, ¶¶ 38-39); and

**WHEREAS**, ▆▆▆▆▆▆▆▆▆▆▆ requires the contingent fee recoverable on all amounts recovered ▆▆▆▆▆▆▆▆▆▆▆▆▆ be determined by the Court; and

**WHEREAS,** counsel seeks a fee of one-third (1/3) net on the remaining amount of recovery ▮▮▮ pursuant to ▮▮▮ (Lynch Cert. at ¶ 45); and

**WHEREAS,** the Court notes that the amount counsel seeks is consistent with, and indeed less than, the one-third (1/3) of the total recovery amount that Plaintiffs authorized in the PACFA *(id.,* ¶ 35; PACFA, ECF No. 43-1); and

**WHEREAS,** both Plaintiffs have submitted sworn affidavits consenting to a contingent fee of one-third (1/3) net on the remaining amount of recovery ▮▮▮, and reimbursement of litigation expenses in the amount of ▮▮▮ (ECF No. 37 at 18-21); and

**WHEREAS,** the Court further notes that Plaintiffs have further agreed to reimburse counsel fees pursuant to the PACFA and NJCFA (ECF No. 43-1); and

**WHEREAS,** based on the Court's review of Plaintiffs' application, the Court finds that this case presented problems which required exceptional skills beyond that normally encountered in such cases and involved significant time, labor and skill by counsel, including substantial expense, to achieve a significant settlement, *(see* Lynch Cert. at ¶¶ 48-49); and

**WHEREAS,** the Court notes that counsel expended significant expenses in pursuit of Plaintiffs' recovery with no guarantee those monies would be recovered, in full or in part, *(id.* at ¶ 4); and

**WHEREAS,** the Court finds that the proposed fee ▮▮▮ of the remaining settlement amount above the amounts controlled by N.J. Ct. ▮▮▮ is reasonable and consistent with the contingent fee customarily charged by personal injury lawyers, *see King v CIO of Gloucester*, 483 F. Supp. 2d 396, 400 (D.N.J. 2007) (▮▮▮);

*see also Busche v. Nat'l R.R. Passenger Corp.,* No. 18-10322, 2020 WL 5988267, at *4-5 (D.N.J.

Oct. 9, 2020) (finding that where the Court finds either exceptional lawyering or that the case was unusually time consuming, "it will generally award a fee approximately at or above ███ ███████████████); and

**WHEREAS**, the Court finds that the amount of the settlement was an exceptional result for Plaintiffs, particularly in light of the fact that Plaintiff John Rieth has not undergone any surgery related to the subject injury; and

**WHEREAS**, the Court notes that the professional relationship has been ongoing since the undersigned was retained by the Plaintiffs on April 12, 2022, less than two weeks following the accident, and counsel has worked on this engagement for over three (3) years by the time this matter was resolved; and

**WHEREAS**, the Court finds that the experience, reputation, and ability of Plaintiffs' counsel, as experienced personal injury attorneys and trial litigators with decades of experience, supports the award of fees sought; and

**WHEREAS**, based on the Court's review of Plaintiffs' application, the Court finds that a counsels' fee of ████████████████████ of Plaintiff's net recovery in ████████ is reasonable in light of: (1) the time and labor required to perform the legal services properly; (2) the likelihood of counsels' preclusion from accepting other representation as a result of their services in the instant matter; (3) the fee customarily charged for similar services; (4) the exceptional results obtained for Plaintiffs; (6) the time limitations imposed by the circumstances of the case; (6) the nature and length of the professional relationship between Plaintiff and his counsel; (7) the substantial experience and skill of Plaintiffs' counsel; and (8) the contingent nature of the fee agreement, *see* RPC 1.5; and

Consequently, for the foregoing reasons; and for good cause shown;

IT IS on this 24th day of **July, 2025**, hereby **ORDERED** as follows:

1. Plaintiff's Motion for Attorney Fees and Costs (ECF No. 36) is GRANTED.

2. Plaintiffs' counsel shall be entitled to a reasonable fee in the total amount of ████████, as follows:

    a. With respect to the ████████ in recovery, Plaintiff's counsel shall be entitled to a reasonable fee in the amount of ████████, reflecting the reimbursement schedule set forth by ████████.

    b. In accordance with ████████ and the contingent fee agreements, Plaintiffs' counsel shall be entitled to a reasonable fee in the amount of ████████, reflecting ████████████████████,

3. Plaintiff's counsel shall be entitled to reimbursement of litigation expenses in the amount ████████.

4. The Parties' Joint Motion to Seal (ECF No. 38) the terms of their confidential settlement agreement is GRANTED.[1]

5. The Clerk of Court shall temporarily file this Memorandum Order under seal. The parties shall, within fourteen (14) days, meet and confer as to any material in the Memorandum Order that they contend should be sealed. To the extent the parties agree, they shall provide the Court with a proposed redacted version of this Memorandum Order. To the extent the parties do not agree, they shall file an appropriate motion pursuant to Local Rule 5.3. If no proposal or motion is received within fourteen (14) days, the Clerk shall unseal the Opinion and Order.

_____
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the Parties have entered a confidential settlement, the terms of which are filed under temporary seal and central to the disposition of this Memorandum Order. The Court finds that Plaintiffs have presented good cause for sealing the terms of the confidential settlement agreement, which weighs against any presumptive right of public access. *Horizon Pharma, Inc. v Lupin Ltd.*, No. 3 11CV02317MLCDEA, 2017 WL 5068547, at *3 (D.N.J. Mar. 8, 2017). Accordingly, the Motion to Seal is granted, and further discussion is unwarranted. *See Williams v. First Student Inc.*, 758 F.Supp.3d 342, 346 n.1 (D.N.J. 2024); *see also Morgan v. Wal-Mart Stores, Inc.*, CIV. A. 14-4388 MAS, 2015 WL 3882748, at *2 (D.N.J. June 23, 2015) (granting motion to seal where "disclosure would result in the dissemination of confidential settlement negotiations and confidential settlement amounts" and where "the public has no legitimate interest" in gaining access to such confidential information in litigation between private parties).